IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**RAYMOND WALLACE SMITH**                                                    **PLAINTIFF**

**V.**                                    **CIVIL ACTION NO. 1:14-CV-466-KS-MTP**

**HANCOCK COUNTY, MISSISSIPPI,** *et al.*                    **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

For the reasons below, the Court **grants** Defendants' Motion to Dismiss [8] Plaintiff's state law claims, and **denies as moot** Defendants' Motion to Strike [10] Plaintiff's jury demand as to the state law claims.

### I. BACKGROUND

This case arises from Plaintiff's arrest on May 4, 2013, on charges of driving under the influence, public drunkenness, and disorderly conduct. Plaintiff alleges that the charges were false, and that officers of the Hancock County Sheriff's Department abused him in various ways. Plaintiff asserted a wide variety of claims under state and federal law. Defendants filed a Motion to Dismiss [8] the state-law claims, and a Motion to Strike [10] Plaintiff's jury demand as to the state law claims. Plaintiff did not respond to the motions, and they are ripe for review.

### II. MOTION TO DISMISS [8]

A "motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)." *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to

relief that is plausible on its face." *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 210 (5th Cir. 2010) (punctuation omitted). "To be plausible, the complaint's factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (punctuation omitted). The Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Id.* But the Court will not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* Likewise, "a formulaic recitation of the elements of a cause of action will not do." *PSKS, Inc. v. Leegin Creative Leather Prods., Inc.*, 615 F.3d 412, 417 (5th Cir. 2010) (punctuation omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).

### A. *False Arrest/False Imprisonment*

First, Defendants argue that Plaintiff's claims of false arrest and false imprisonment are barred by the applicable statute of limitations. The statute of limitations for a claim of false arrest or false imprisonment is one year after the claim accrues. MISS. CODE ANN. § 15-1-35; *Ducksworth v. Rook*, No. 2:14-CV-146-KS-MTP, 2015 U.S. Dist. LEXIS 20563, at *10-*11 (S.D. Miss. Feb. 20, 2015). Claims of false arrest and false imprisonment accrue on the day of arrest. *Hagan v. Jackson County*, No. 1:13-CV-268-HSO-RHW, 2014 U.S. Dist. LEXIS 138678, at *38 (S.D. Miss. Sept. 30, 2014); *City of Mound Bayou v. Johnson*, 562 So. 2d 1212, 1217-18 (Miss. 1990). Plaintiff alleged that he was arrested on May 4, 2013, but he did not file his Complaint [1] until December 30, 2014 – over six months after the statute of limitations had

expired. Therefore, the Court grants Defendants' motion to dismiss Plaintiff's claims of false arrest and false imprisonment.

### B. *Assault*

Next, Defendants argue that Plaintiff's assault claim is barred by the applicable statute of limitations. The statute of limitations for an assault claim is one year after the claim accrues. MISS. CODE ANN. § 15-1-35. An assault claim accrues on the date of injury. *See Johnson*, 562 So. 2d at 1217; *Gilmer v. Trowbridge*, No. 3:08-CV-136-TSL-JCS, 2009 U.S. Dist. LEXIS 109136, at *11-*12 (S.D. Miss. Nov. 23, 2009); *Woods v. Carroll County*, No. 4:07-CV-SA-DAS, 2008 U.S. Dist. LEXIS 68055, at *7-*8 (N.D. Miss. Sept. 9, 2008). Plaintiff alleged that the injury occurred on May 4, 2013, but he did not file his Complaint [1] until December 30, 2014 – over six months after the statute of limitations had expired. Therefore, the Court grants Defendants' motion to dismiss Plaintiff's assault claim.

### C. *Battery*

Defendants also contend that Plaintiff's battery claim is barred by the applicable statute of limitations. The statute of limitations for a battery claim is one year after the claim accrues. MISS. CODE ANN. § 15-1-35. A battery claim accrues on the date of injury. *See Jones v. Tyson Foods, Inc.*, 971 F. Supp. 2d 632, 641 (N.D. Miss. 2013); *Buchanan v. Gulfport Police Dep't*, No. 1:08-CV-1299-LG-RHW, 2011 U.S. Dist. LEXIS 157413, at *11 (S.D. Miss. Feb. 3, 2011); *Woods*, 2008 U.S. Dist. LEXIS 68055 at *8; *Johnson*, 562 So. 2d at 1217. Plaintiff alleged that the injury occurred on May 4, 2013, but he did file his Complaint [1] until December 30, 2014 – over six months after the statute of

limitations had expired. Therefore, the Court grants Defendants' motion to dismiss Plaintiff's battery claim.

### D. *Malicious Prosecution*

Defendants argue that Plaintiff's malicious prosecution claim is barred by the applicable statute of limitations. The statute of limitations for malicious prosecution is one year after the claim accrues. MISS. CODE ANN. § 15-1-35; *Bankston v. Pass Rd. Tire Ctr., Inc.*, 611 So. 2d 998, 1003 (Miss. 1992); *Johnson*, 562 So. 2d at 1219. A claim of malicious prosecution accrues on the day the underlying criminal proceeding has been terminated in favor the plaintiff. *Jordan v. Premier Entm't Bilox, LLC*, No. 1:13-CV-195-LG-JMR, 2014 U.S. Dist. LEXIS 33412, at *16 (S.D. Miss. Mar. 13, 2014); *Clinton v. Johnson*, No. 3:13-CV-871-DCB-MTP, 2014 U.S. Dist. LEXIS 137266, at *6-*7 (S.D. Miss. Sept. 29, 2014); *Joiner Ins. Agency v. Principal Cas. Ins. Co.*, 684 So. 2d 1242, 1245 (Miss. 1996). Plaintiff alleged that the charges against him were dismissed on November 5, 2013, but he did not file his Complaint until December 30, 2014 – over a month after the statute of limitations had expired. Therefore, the Court grants Defendants' motion to dismiss Plaintiff's malicious prosecution claim.

### E. *IIED*

Finally, Defendants argue that Plaintiff's claim for intentional infliction of emotional distress is barred by the applicable statute of limitations. The statute of limitations for intentional infliction of emotional distress is one year after the claim accrues. MISS. CODE ANN. § 15-1-35; *Trustmark Nat'l Bank v. C. Brent Meador*, 81 So. 3d 1112, 1118 (Miss. 2012). A claim for intentional infliction of emotional distress

accrues on the date upon which the intentional acts forming the basis of the claim occurred. *CitiFinancial Mortg. Co. v. Washington*, 967 So. 2d 16, 19 (Miss. 2007); *Ducksworth*, 2015 U.S. Dist. LEXIS 20563 at *11. The intentional acts forming the basis of Plaintiff's claim occurred on May 4, 2013, but he did not file his Complaint [1] until December 30, 2014 – over six months after the statute of limitations had expired. Therefore, the Court grants Defendants' motion to dismiss Plaintiff's claim of intentional infliction of emotional distress.

### III. MOTION TO STRIKE [10]

The Court granted Defendants' Motion to Dismiss [8] Plaintiff's state-law claims. Therefore, Defendants' Motion to Strike [10] Plaintiff's jury demand as to those claims is **moot**.

### IV. CONCLUSION

For the reasons above, the Court **grants** Defendants' Motion to Dismiss [8] Plaintiff's state-law claims. Plaintiff's claims of false arrest, false imprisonment, assault, battery, malicious prosecution, and intentional infliction of emotional distress are dismissed with prejudice. The Court **denies as moot** Defendants' Motion to Strike [10] Plaintiff's jury demand as to those claims.

SO ORDERED AND ADJUDGED this 25th day of September, 2015.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE