IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

RAYMOND WALLACE SMITH                                        PLAINTIFF

V.                                    CIVIL ACTION NO. 1:14-CV-466-KS-MTP

HANCOCK COUNTY, MISSISSIPPI, *et al.*                        DEFENDANTS

### Memorandum Opinion and Order

For the reasons below, the Court **grants** the individual Defendants' Motion for Summary Judgment [37] as to Plaintiff's claims under 42 U.S.C. §§ 1983 and 1985.

### I. Background

This case arises from Plaintiff's arrest on May 4, 2013, at a bar in Hancock County, Mississippi. The individual Defendants are or were officers of the Hancock County Sheriff's Department. The record contains divergent stories from Plaintiff, the bar's owner, and the Defendants, but it is undisputed that the bar's owner represented to Defendants that Plaintiff was drunk, had caused an incident earlier, and had refused to leave after having been asked to do so on multiple occasions. Defendants Church and Cool-Lick arrested Plaintiff, and Defendant Neff issued him a DUI citation after he had been brought back to the station for processing. Plaintiff was also charged with public drunkenness and disorderly conduct, but all charges were ultimately dismissed after the arresting officers did not appear for the Court date because they were no longer employed by the Sheriff's Department.

Plaintiff claims that all the charges were false, and that the individual Defendants violated his constitutional rights. He asserted a wide variety of claims

under state and federal law. The individual Defendants filed a Motion for Summary Judgment [37] as to Plaintiff's claims pursuant to 42 U.S.C. §§ 1983 and 1985, which the Court now addresses.

## II. STANDARD OF REVIEW

Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010). "Where the burden of production at trial ultimately rests on the nonmovant, the movant must merely demonstrate an absence of evidentiary support in the record for the nonmovant's case." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010) (punctuation omitted). The nonmovant "must come forward with specific facts showing that there is a genuine issue for trial." *Id.* (punctuation omitted). "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc.*, 627 F.3d at 138. "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Cuadra*, 626 F.3d at 812.

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009). When deciding whether a genuine fact issue exists, "the court must view the facts and the inference to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club, Inc.*, 627 F.3d at 138. However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic

argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002).

## II. DISCUSSION

The individual Defendants seek summary judgment on the basis of qualified immunity. Of course, Section 1983 provides a remedy "to those who suffer, as a result of state action, deprivation of rights, privileges, or immunities secured by the Constitution and laws of the United States." *White v. Thomas*, 660 F.2d 680, 683 (5th Cir. 1981). Section 1983 claims may be brought against government employees "in their individual or official capacity . . . ." *Goodman v. Harris County*, 571 F.3d 388, 395 (5th Cir. 2009). But individual defendants may rely on the defense of qualified immunity. *Gates v. Tex. Dep't of Protective & Regulatory Servs.*, 537 F.3d 404, 436 (5th Cir. 2008). Generally, "qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231, 129 S. Ct. 808, 172 L. Ed. 2d 565 (2009). "Although nominally an affirmative defense, the plaintiff has the burden to negate the defense once properly raised." *Poole v. Shreveport*, 691 F.3d 624, 627 (5th Cir. 2012).

There are two steps in the Court's analysis. First, the Court determines whether the plaintiff "has adduced sufficient evidence to raise a genuine issue of material fact suggesting [the defendant's] conduct violated an actual constitutional right." *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008). Second, the Court must "consider whether [the defendant's] actions were objectively unreasonable in light of clearly established

3

law at the time of the conduct in question." *Id.* The Court has discretion to address either step first. *Pearson*, 555 U.S. at 236. "The qualified immunity standard gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law." *Brumfield*, 551 F.3d at 326 (punctuation omitted).

### A.   *False Arrest/False Imprisonment*

First, Plaintiff claims the individual Defendants falsely arrested or imprisoned him. The Fifth Circuit applies the same standard to claims of false arrest and false imprisonment. *Haggerty v. Tex. S. Univ.*, 391 F.3d 653, 655 (5th Cir. 2004); *see also Peairs v. Jackson Cnty.*, No. 1:13-CV-402-HSO-RHW, 2015 U.S. Dist. LEXIS 129590, at *46 (S.D. Miss. Sept. 25, 2015). Both claims arise from the Fourth Amendment right to be free from unreasonable seizure of one's person. *Deville*, 567 F.3d at 164. "To ultimately prevail on [a] section 1983 false arrest/false imprisonment claim, [Plaintiff] must show that [Defendants] did not have probable cause to arrest him." *Haggerty*, 391 F.3d at 655. "Probable cause exists when the totality of facts and circumstances within a police officer's knowledge at the moment of the arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense." *United States v. Nunez-Sanchez*, 478 F.3d 663, 666 (5th Cir. 2007). The officer's knowledge must "establish that there was a 'fair probability' that a crime occurred." *Id.* at 666-67. A "fair probability" is "more than a bare suspicion, but need not reach the fifty percent mark. When considering what a reasonable person would have concluded, we take into account the expertise and experience of the law enforcement officials." *Id.*

4

at 667. To be liable, the officers "must not be aware of facts constituting probable cause to arrest or detain the person for *any* crime." *Cole v. Carson*, 802 F.3d 752, 764 (5th Cir. 2015).

        *1.    Neff*

        Defendants argue that Neff can not be liable for false arrest or false imprisonment because he did not actively participate in Plaintiff's arrest. "Under § 1983, a supervisory official may be held liable only if (1) [he] affirmatively participates in the acts that cause the constitutional deprivation, or (2) [he] implements unconstitutional policies that causally result in the constitutional injury." *Wernecke v. Garcia*, 591 F.3d 386, 401 (5th Cir. 2009). In other words, "Section 1983 does not create supervisory or *respondeat superior* liability," *Oliver*, 276 F.3d at 742, and a "supervisor is not liable for his subordinate's actions in which he had no involvement." *Jones v. Lowndes County*, 678 F.3d 344, 350 (5th Cir. 2012). Plaintiff has not provided any evidence – or even argued – that Neff participated in Plaintiff's arrest or any of the events preceding it. In fact, it appears to be undisputed that Neff only signed the DUI citation, formally charging Plaintiff with a crime. Therefore, as Neff did not affirmatively participate in Plaintiff's arrest, he can not be held liable for Plaintiff's arrest or any of the events preceding it.

        As for the DUI citation, Plaintiff apparently argues that Neff had no probable cause to charge him because no field sobriety or chemical tests were administered. However, Neff testified [37-6] that Officers Church and Cool-Lick told him "they had an impaired driver" who "was behind the wheel of the vehicle." Neff also testified that

Plaintiff refused to answer questions or comply with orders after he had been brought to the station; that he "was staggering when he was walking in the jail cell;" that his "eyes were glassy, bloodshot;" that "his speech was slurred;" and that he "could smell the intoxicating substance coming from [Plaintiff's] breath . . . ." Another officer, Sam Scaffidi, testified [37-7] that Plaintiff was "uncooperative" when searched at the station.

Plaintiff provided an affidavit [41-1] in which he stated that his "speech was not slurred," and that he "never had a conversation with . . . Neff before or after [he] was arrested for DUI." He further stated that he "did not drink any alcoholic drinks or beverages on" the day he was arrested and charged with DUI, and that he did not stagger "when on the side of the road near Deputy Cool." However, Plaintiff has not provided any evidence to contradict Neff's testimony that he refused to cooperate at the station; that he smelled of alcohol; that he had glassy, bloodshot eyes; or that he staggered while walking into the jail cell. In fact, Plaintiff admitted in his deposition [37-1] that he refused to provide his driver's license or any identifying information to the booking officers, and that he refused to cooperate with booking, fingerprinting, or taking a mugshot.

Chemical testing is not required for a DUI charge or conviction. *See* MISS. CODE ANN. §§ 63-11-41 (evidence of refusal to submit to test admissible in criminal proceeding), 63-11-30(a)-(d) (providing for both "common-law DUI" and "DUI per se"); *Leuer v. City of Flowood*, 744 So. 2d 266, 267-68 (Miss. 1999) (explaining difference between DUI per se and common-law DUI). Likewise, the eventual dismissal of a

charge is not sufficient to demonstrate a lack of probable cause. *Jenkins v. Gray*, No. 3:05-CV-608-HTW-LRA, 2008 U.S. Dist. LEXIS 44650, at *9-*10 (S.D. Miss. June 5, 2008). "Probable cause exists when the totality of facts and circumstances within a police officer's knowledge at the moment . . . are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense." *Nunez-Sanchez*, 478 F.3d at 666. Plaintiff has not provided any evidence to dispute Neff's testimony that Church and Cool-Lick had informed him that Plaintiff had been driving while impaired; that Plaintiff refused to cooperate at the station; that he smelled of alcohol; that he had glassy, bloodshot eyes; or that he staggered while walking into the jail cell. In the Court's opinion, the facts available to Neff at the time he charged Plaintiff with DUI are sufficient to support a finding of probable cause.[1] Accordingly, Plaintiff's false arrest/false imprisonment claim against Neff fails.

Additionally, even if there were not probable cause to charge Plaintiff with DUI, "law enforcement officials who reasonably but mistakenly conclude that probable cause is present are entitled to immunity." *Haggerty*, 391 F.3d at 657. In light of the information available to him at the time – particularly, Church and Cool-Lick's

---

[1] *Cf. Setzer v. State*, 54 So. 3d 226, 232 (Miss. 2011) (officer had probable cause to believe suspect was intoxicated where his vehicle hit another one, he was uncooperative with EMT's, and had slurred speech and bloodshot eyes); *Jones v. City of Ridgeland*, 48 So. 3d 530, 540-41 (Miss. 2010) (officer had probable cause to stop suspect under suspicion of DUI where he "appeared intoxicated," drove erratically, and had just left a bar); *Ashley v. State*, 423 So. 2d 1311, 1312-13 (Miss. 1982) (officer had probable cause to believe suspect was intoxicated where he was combative, had a strong odor of alcohol on his breath, and had been in an accident); *Barrett v. State*, 219 So. 2d 163, 166 (Miss. 1969) (officer had probable cause to believe suspect was intoxicated based on his observation of vehicle operation).

representations and Plaintiff's refusal to cooperate with booking – it was objectively reasonable for Neff to conclude that there was probable cause to charge Plaintiff with a DUI.

   2.   *Church & Cool-Lick*

Among other things, Defendants Church and Cool-Lick argue that they can not be liable for false arrest or imprisonment because they had probable cause to arrest Plaintiff for criminal trespass. In Mississippi, the elements of criminal trespass are "willfully and maliciously entering another's property without permission or remaining on his or her property after being told to leave." *Hill v. State*, 929 So. 2d 338, 341 (Miss. Ct. App. 2005); *see also* MISS. CODE ANN. §§ 97-17-97(1), 97-17-87.

The bar owner, Mary Cuevas Sellier, testified [37-2] that on three separate occasions she told Plaintiff to leave, but that he refused to comply each time, prompting her to call the Sheriff's Department. She also testified that she communicated this information to the officers at the scene.

Church testified [37-5] that Sellier told him that Plaintiff "was here earlier and caused an incident" and was not allowed back in the bar. Church claims he sent Cool-Lick to tell Plaintiff to leave. He testified: "[S]he walked over, while I was still talking to the owner, and she talked to him about five minutes. I could see he was raising his voice." Later in his deposition, he provided more detail: "And then when she asked him to leave, he was – I could hear her getting louder – like raising – escalating it, and he was like, 'I don't have to leave.' He wouldn't leave. 'Tell me why I have got to leave.' Said, 'The owner doesn't want you here,' and all that, and then that's when . . . I

8

walked down there and asked him to leave." Church said that Plaintiff would not leave the premises when asked: "I asked him to leave, and he – 'Well, I don't have to leave. I'm in a public place.'" According to Church, after Plaintiff refused to leave several times, he walked away to his vehicle parked on the road, finally leaving the premises.

Cool-Lick testified that Plaintiff walked up as they were about to leave, and "Mary said that he . . . could not come back into her property" because he "was drunk and caused a disturbance." She said that she approached Plaintiff and told him "multiple times" in a "lengthy conversation" over several minutes that the owner had said he could not be on the premises. According to her, Church intervened and told Plaintiff the same. Cool-Lick described Plaintiff as "extremely augmentative [sic] and belligerent." She said that "several witnesses had told [them] that his behavior was that of a drunk person," including the bar owner.

Plaintiff's account of the events is drastically different. He testified [37-1] that he went by the bar earlier in the day. He claims that he had not had any alcohol that day. According to Plaintiff, he entered the bar, exchanged pleasantries with Cuevas, ordered a soft drink, talked with another bartender for a while, then left and went home. Plaintiff testified that when he returned to the bar later that evening, he "was stopped by a female cop" just outside the bar. He said that he "was going to try to go on the premises to go inside," but that he was stopped by Defendant Cool-Lick. He testified: "And then she just says, 'You can't go in, sir.' Then I stopped, and I said, 'How come I can't go in?' She says, 'You just have to leave.' I said, 'Well, why? I haven't been here.' She says, 'You just have to leave.'" Plaintiff later testified that Cool-Lick told him

that the "owner don't want nobody going in there." According to both Plaintiff's affidavit [41-1] submitted in response to the present motion and deposition testimony, he left and went to his car without argument after being told to do so for the second time.

In summary, Plaintiff disputes Defendants' and Cuevas's version of events, but he has not provided any testimony or other evidence to dispute Defendants' testimony that Cuevas, the bar's owner, told them that Plaintiff was drunk, had caused a disturbance, and had already refused to leave when asked to do so on three separate occasions. In other words, he disputes Cuevas's story, but he does not dispute that Cuevas provided that story to the officers when they arrived on the scene. It is likewise undisputed that Plaintiff initially argued with Cool-Lick, rather than leaving the property when asked to do so.

As noted above, to be liable for false arrest or false imprisonment, an officer "must not be aware of facts constituting probable cause to arrest or detain the person for *any* crime." *Cole*, 802 F.3d at 764. Moreover, probable cause is determined by reference to the "totality of facts and circumstances within a police officer's knowledge at the moment . . . ." *Nunez-Sanchez*, 478 F.3d at 666. In light of the information that was available to Defendants Church and Cool-Lick at the time of the arrest – specifically, that the bar owner claimed Plaintiff was drunk, had caused a disturbance, and had refused to leave after being asked to do so three times – they had probable cause to believe that Plaintiff had committed a criminal trespass. *Harbour v. Clarke County*, No. 2:13-CV-280-HSO-RHW, 2015 U.S. Dist. LEXIS 159276, at *14-*15 (S.D.

10

Miss. Nov. 25, 2015) (where it was undisputed that property owner informed officer that plaintiff would not leave after being asked to do so, there was probable cause to believe plaintiff was trespassing).[2] Accordingly, Defendants Church and Cool-Lick had probable cause to arrest Plaintiff, and his claim against them for false arrest/false imprisonment fails.

## C.    *Strip Search*

Officers conducted a strip search of Plaintiff incident to his arrest, and Plaintiff contends that it violated his constitutional rights. Plaintiff did not respond to Defendants' arguments regarding qualified immunity from liability for any Section 1983 claims arising from the search. As noted above, "the plaintiff has the burden to negate [a qualified immunity] defense once properly raised." *Poole*, 691 F.3d at 627. As Plaintiff failed to respond to arguments related to the strip search, he failed to carry his burden. Accordingly, the Court grants Defendants' motion as to any Section 1983 claim arising from the alleged wrongful strip search of Plaintiff.

## D.    *Conspiracy*

Plaintiff did not respond to Defendants' arguments regarding qualified

---

[2]*See also Masonite Corp. v. Baldwin*, 365 So. 2d 641, 643 (Miss. 1978) (where plaintiff entered upon private property after having been verbally forbidden to do so, there was probable cause for prosecution of criminal trespass); *Hill*, 929 So. 2d at 341 (where defendant was told three times to leave premises but returned and entered property, his conviction for criminal trespass was affirmed); *Bigham v. Huffman*, No. 1:98-CV-208-D-D, 1999 U.S. Dist. LEXIS 16524, at *5 (N.D. Miss. Oct. 12, 1999) (where plaintiff was on county property not designated as a public thoroughfare and had notice it was off-limits, defendant had probable cause to arrest for trespass), *aff'd* 218 F.3d 744 (5th Cir. 2000).

immunity from liability for an alleged conspiracy under Section 1983 or Section 1985. As noted above, "the plaintiff has the burden to negate [a qualified immunity] defense once properly raised." *Id.* As Plaintiff failed to respond to the arguments related to conspiracy, he failed to carry his burden. Accordingly, the Court grants Defendants' motion as to any claim of conspiracy pursuant to Section 1983 or Section 1985. The Court further notes that Plaintiff has presented no evidence of a "class-based, invidiously discriminatory animus" behind Defendants' actions, as required for a Section 1985 conspiracy. *Moffett v. Bryant*, 751 F.3d 323, 326 (5th Cir. 2014). Moreover, one element of a Section 1983 conspiracy is an "actual deprivation of constitutional rights," *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994), and Plaintiff has provided no evidence that the individual defendants deprived him of any rights.

## IV. CONCLUSION

For these reasons, the Court **grants** the individual Defendants' Motion for Summary Judgment [37] as to Plaintiff's claims under 42 U.S.C. §§ 1983 and 1985.

SO ORDERED AND ADJUDGED this 1st day of April, 2016.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE